IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Doloris Lane, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 497 |
| | ) | |
| Weltman, Weinberg & Reis Co., L.P.A., | ) | |
| an Ohio limited professional association, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

### COMPLAINT

Plaintiff, Doloris Lane, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Doloris Lane ("Lane"), is a citizen of the State of Michigan, from whom Defendant attempted to collect a delinquent consumer debt owed for a PNC Bank credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("Weltman"), is an Ohio limited professional association, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Illinois, Michigan, Ohio and Pennsylvania, Weltman operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Weltman was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Weltman is authorized to conduct business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Weltman conducts business in Illinois.

## FACTUAL ALLEGATIONS

6. Ms. Lane is a senior citizen, with limited assets and income, who fell behind on paying her bills. When Defendant Weltman began trying to collect the PNC Bank debt from Ms. Lane, by sending her collection letters dated October 5, 2012 and November 7, 2012, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Weltman's collection actions. Copies of Weltman's October 5, 2012 and November 7, 2012 letters are attached as Group Exhibit B.

7. Accordingly, on November 21, 2012, one of Ms. Lane's attorneys at LASPD informed Weltman, in writing, that Ms. Lane was represented by counsel, and

directed Weltman to cease contacting her, and to cease all further collection activities because Ms. Lane was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit C.

8. Nonetheless, Defendant Weltman sent Ms. Lane a collection letter, dated December 4, 2012, which demanded payment of the PNC Bank debt. A copy of this collection letter is attached as Exhibit D.

9. Accordingly, on January 10, 2013, one of Ms. Lane's LASPD attorneys had to write to Defendant Weltman again to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit E.

10. Defendant Weltman's collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant Weltman's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I
Violation Of § 1692c(c) Of The FDCPA --
Failure To Cease Communications And Cease Collections**

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

14. Here, the letter from Ms. Lane's, agent/attorney, LASPD, told Defendant

3

Weltman to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment (Exhibit D), Defendant Weltman violated § 1692c(c) of the FDCPA.

15. Defendant Weltman's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

18. Defendant Weltman knew that Ms. Lane was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant Weltman to cease directly communicating with her. By directly sending Ms. Lane the December 4, 2012 letter (Exhibit D), despite being advised that she was represented by counsel, Defendant Weltman violated § 1692c(a)(2) of the FDCPA.

19. Defendant Weltman's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Doloris Lane, prays that this Court:

1. Find that Defendant Weltman's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Lane, and against Defendant Weltman, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Doloris Lane, demands trial by jury.

                                    Doloris Lane,

                                    By: /s/ David J. Philipps
                                    One of Plaintiff's Attorneys

Dated: January 22, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

5